UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
AROR ARK O'DIAH, *pro se*,　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　Plaintiff,　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　:　**MEMORANDUM AND ORDER**
　　　　　　　　　　-against-　　　　　　　　　　　 :
　　　　　　　　　　　　　　　　　　　　　　　　　　:　10-CV-944 (DLI)(VVP)
HEREFORD INSURANCE COMPANY and JERRY　　　　 :
MAKULIK, Individually and in their Official　　　　:
Capacities,　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　Defendants.　　　　　　　　　　:
------------------------------------------------------------------- x

**DORA L. IRIZARRY, United States District Judge:**

*Pro se* Plaintiff Aror Ark O'Diah ("O'Diah"), an inmate currently in the custody of the New York State Department of Correctional Services, brings this action pursuant to 42 U.S.C. § 1983, alleging that defendant Jerry Makulik, and his insurance company, Hereford Insurance Company ("Hereford"), violated the United States Constitution. (Compl. ¶ 5.) Defendants move to dismiss the action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendants' motion is granted.

**BACKGROUND**

On November 9, 2005, Plaintiff was involved in an automobile accident with Makulik, who was insured by Hereford. (Compl. ¶ 81.) The impact of the accident exacerbated Plaintiff's previous head trauma injuries. (Compl. ¶ 81.) The insurance company agreed to pay for damages. (Compl. ¶ 81.) Plaintiff alleges that, from June 8, 2006 until the present, Hereford participated in a conspiracy with the Port Authority of New York and New Jersey, New York City, and New York State in a racially motivated campaign to subject Plaintiff to an unlawful arrest on June 22, 2006 based on having a revoked driver's license. (Compl. ¶ 82; Pl. Opp. 7-9.) Plaintiff argues that, as a result, he has been denied various constitutional rights, including those

1

related to "movement, life, liberty, expressing, [and] association." (Compl. ¶ 83.) Additionally, in his opposition to this motion, Plaintiff contends that the Defendants' actions, in conjunction with the Queens County District Attorney, encouraged Plaintiff's counsel to be ineffective during his underlying state criminal proceedings. (Pl. Opp. 18-19.)

In July 2008, Plaintiff filed a complaint in the Western District of New York and asserted claims against Makulik and Hereford, as well as a variety of other individuals. On September 5, 2008, the complaint was transferred to the Northern District of New York. Several defendants, including Makulik and Hereford (Docket Entry 42), filed motions to dismiss. On March 2, 2010, the judge assigned to the case in the Northern District of New York issued a decision dismissing the claims against the other defendants, transferring the claims against Makulik and Hereford to the Eastern District of New York, and denying Makulik's and Hereford's motion to dismiss without prejudice to renew the claims after they were successfully transferred to this court. Makulik and Hereford now seek adjudication of the merits of their motion before this court.

**STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard under Rule 8 does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (*quoting Twombly*, 550 U.S. at 557). A plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. *Twombly*, 550 U.S. at 555. On a Rule 12(b)(6) motion, the court must

accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the nonmoving party. *Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002). The court may only consider the pleading itself, documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, and matters of which judicial notice may be taken. *See Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir. 2002); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,* 62 F.3d 69, 72 (2d Cir. 1995). In reviewing plaintiff's complaint, the court is mindful that, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## DISCUSSION

Although the complaint does not specify the statute applicable to Plaintiff's claims, it is clear that the claims against Hereford and Makulik are brought under 42 U.S.C. § 1983. "A § 1983 claim has two essential elements: (1) the defendant acted under color of state law; and (2) as a result of the defendant's actions, the plaintiff suffered a denial of her federal statutory rights, or her constitutional rights or privileges." *Annis v. County of Westchester*, 136 F.3d 239, 245 (2d Cir.1998). Defendants argue that they are not state actors and therefore cannot be held liable under Section 1983.

An individual acts under color of state law when he or she exercises power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299 (1941)); *see also Nealy v. Berger*, 2009 WL 704804, at *4 (E.D.N.Y. Mar. 16, 2009). Thus, a deprivation of a federal statutory or Constitutional right is actionable under

Section 1983 when such deprivation is caused "by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Under this standard, "generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *West v. Atkins*, 487 U.S. 42, 50 (1988). Here, it is clear that neither Makulik nor Hereford qualify as state actors under this definition.

A private actor may also be considered to be acting under the color of state law for purposes of Section 1983 if the private actor was "a willful participant in joint activity with the State or its agents." *Ciambriello v. County of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) (internal quotation marks and citation omitted); *see also Orr ex rel. Orr v. Miller Place Union Free School Dist.*, 2008 WL 2716787, at *4 (E.D.N.Y. July 9, 2008). "This potential liability also applies to a private party who conspires with a state official to violate the plaintiff's constitutional rights." *Young v. Suffolk County*, 705 F. Supp. 2d 183, 195-96 (E.D.N.Y. 2010) (internal quotation marks and citation omitted).

To state a Section 1983 conspiracy claim, Plaintiff must allege (1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of the goal; (4) which causes harm to the plaintiff. *Ciambriello*, 292 F.3d at 324-25 (citing *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999)).[1] "A plaintiff

---

[1] The Second Circuit has declined to consider specifically whether the pleading requirements for a Section 1983 conspiracy claim set forth in *Ciambriello* remain valid in light of two subsequent Supreme Court decisions, *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506 (2002) and *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163 (1993), which rejected heightened pleading standards in general. *Toussie v. Powell*, 323 F.3d 178 (2d Cir. 2003). Nevertheless, following *Toussie*, the Second Circuit, as well as other courts in this Circuit, continue to evaluate Section 1983 conspiracy claims pursuant to the pleading standard set forth in *Ciambriello*. *See Krug v. McNally*, 2010 WL 772988, at * 1 (2 Cir. Mar. 8, 2010) (quoting *Ciambriello*'s standard for pleading a Section 1983 conspiracy claim); *Sibiski v.*

is not required to list the place and date of defendants' meeting and the summary of their conversations when he pleads conspiracy . . . but the pleadings must present facts tending to show agreement and concerted action." *Fisk*, 401 F. Supp. 2d at 376 (citations and internal quotations omitted). "Without a meeting of the minds, the independent acts of two or more wrongdoers do not amount to a conspiracy." *Id.* (citations and internal quotations omitted). "The mere use of the term 'conspiracy' does not instantly transform a private actor into a state actor for purposes of Section 1983." *Nealy v. Berger*, 2009 WL 704804, at *4. Moreover, "vague and conclusory allegations that defendants have engaged in a conspiracy must be dismissed." *Sanders v. Long Island Newsday*, 2010 WL 3419659, at *4 (E.D.N.Y. Aug. 27, 2010); *see also Ciambriello*, 292 F.3d at 324-25 ("A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity."); *Robbins v. Cloutier*, 121 Fed. Appx. 423, 425 (2d Cir. 2005) (dismissing Section 1983 conspiracy claim where plaintiff merely alleged that defendants "acted in a concerted effort" to agree not to hire plaintiff).

Here, the Complaint alleges in general terms that Hereford "acted under color of state law." (Compl. ¶ 82.) The complaint further alleges that Hereford "participated in a joint racially motivated collusion and conspiracies" with various state entities and officials to subject the plaintiff "to unlawful arrest on June 22, 2006, by influencing the state of New York Department of Motor vehicles to unlawfully suspend [plaintiff's] drivers license to procure [his] unlawful arrest." (Compl. ¶ 82.) These vague and conclusory allegations, devoid of any factual support, fail to set forth a plausible conspiracy claim under Section 1983.

Plaintiff attempts to cure the complaint's deficiencies by adding additional information in his response to the defendants' motion to dismiss. (Response 11-16.) On a motion to dismiss,

---

*Cuomo*, 2010 WL 3984706, at *6 n.2 (E.D.N.Y. Sept. 15, 2010); *Orr ex rel. Orr v. Miller Place Union Free School District*, 2008 WL 2716787, at * 4 (E.D.N.Y. July 9, 2008) (citing cases).

however, "a court considers only the allegations made in the complaint and any documents attached thereto, and thus disregards allegations made in a memorandum of law." *Khanukayev v. Times Square Alliance*, 2010 WL 2000552, at *2 n.4 (S.D.N.Y. May, 20 2010) (citations omitted). Even if the court were to consider the statements, they nevertheless fail to cure the complaint's other deficiencies. In sum, the defendants' motion to dismiss is granted.

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citation omitted). However, a court may deny an opportunity to amend "when amendment would be futile." *Fulton v. Goord*, 591 F.3d 37, 45 (2d Cir. 2009) (internal quotation marks and citation omitted). Here, it is clear from plaintiff's submissions that he does not have any possibility of asserting a plausible Section 1983 claim. Therefore, any attempt to amend the complaint would be futile. *See Cuoco*, 222 F.3d at 112 (denying leave to amend a *pro se* complaint where amendment would be futile). Accordingly, the complaint is dismissed with prejudice.

## CONCLUSION

The motion to dismiss is granted, and the complaint is dismissed with prejudice. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      March 16, 2011

                                       /s/
                                  DORA L. IRIZARRY
                                United States District Judge