UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
AROR ARK O'DIAH, *pro se*,

                Plaintiff,

                -against-

HEREFORD INSURANCE COMPANY and JERRY
MAKULIK, Individually and in their Official
Capacities,

                Defendants.
------------------------------------------------------------------- x

**SUMMARY ORDER**

10-CV-944 (DLI)(VVP)

**DORA L. IRIZARRY, United States District Judge:**

*Pro se*[1] Plaintiff Aror Ark O'Diah, an inmate currently in the custody of the New York State Department of Correctional Services, brought this action pursuant to 42 U.S.C. § 1983, alleging that defendant Jerry Makulik, and his insurance company, Hereford Insurance Company ("Hereford"), violated the United States Constitution. (Compl. ¶ 5.) On March 16, 2011, the complaint was dismissed with prejudice for failure to state a claim. Plaintiff now moves for an extension of time to file a Notice of Appeal pursuant to FED. R. APP. P. 4(a)(5), contending that he timely mailed a Notice of Appeal on April 12, 2011, but that his request was never filed.

## DISCUSSION

FED. R. APP. P. 4(a)(5) states that "[t]he district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." The

---

[1] As a *pro se* litigant, Plaintiff's pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Thus, the court will construe his pleading and papers "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted).

1

Second Circuit has emphasized the need for strict compliance with the time limits placed on both appellants and the courts by FED. R. APP. P. 4(a)(5). *Goode v. Winkler*, 252 F.3d 242 (2d Cir. 2001).

Plaintiff had until April 15, 2011 to file his original Notice of Appeal and until May 16, 2011, to file a motion for an extension of time in which to file the appeal, upon a showing of excusable neglect or good cause for the delay. *See* FED. R. APP. P. 4(a)(5). In requesting leave to "resubmit" his Notice of Appeal, Plaintiff contends that he handed the Notice of Appeal, with other papers, to prison officials for mailing on April 12, 2011, and that, although "other courts received mails sent out" that day, Plaintiff "did not hear from" this court or the Second Circuit regarding the filing of his appeal.[2] (Docket Entry 67, Pl.'s Verified Motion for Extension.) The only support provided by Plaintiff for his contention is a copy of a Notice of Appeal bearing the date of April 12, 2011. However, there are no receipts indicating that it was actually mailed.

In *Houston v. Lack*, 487 U.S. 266, 275 (1988), the Supreme Court held that a *pro se* prisoner's notice of appeal is deemed "filed" at the moment of delivery to prison authorities for forwarding to the district court.[3] *See also Walker v. Jastremski*, 430 F.3d 560 (2d Cir. 2005). In fashioning this bright line rule, the Supreme Court noted that subsequent inquiries regarding the timeliness of a prisoner's "filing" will generally be straightforward, because "prison authorities . . . have well-developed procedures for recording the date and time at which they receive papers for mailing and . . . can readily dispute a prisoner's assertions that he delivered the paper on a different date." *Houston v. Lack*, 487 U.S. at 275.

Here, Plaintiff provides no specific facts or documentary support for his claim that he timely delivered the Notice of Appeal to prison authorities for mailing. He thus fails to establish "good

---

[2] To date, the Notice of Appeal purportedly mailed on April 12, 2011 has not been received by the Clerk's Office of the U.S. District Court for the Eastern District or the Clerk's Office of the Second Circuit Court of Appeals.
[3] This holding, commonly known as the "prison mailbox" rule, has since been codified within the Federal Rules of Appellate Procedure. *See* FED. R. APP. P. 4(c)(1).

2

cause" for the delayed filing. *See Bolarinwa v. Williams*, 593 F.3d 226 (2d Cir. 2010) (district court was required to make an explicit good cause finding to grant habeas petitioner an extension of time to file a notice of appeal.) Moreover, Plaintiff's motion for an extension of time to file his appeal is signed and dated June 21, 2011. Plaintiff has not provided the court with any facts justifying this delay in moving for an extension of the time to file his Notice of Appeal, which motion would otherwise be time-barred pursuant to FED. R. APP. P. 4(a)(5). *See Redhead v. Conference of Seventh Day Adventists*, 2010 WL 95113 (2d Cir. Jan. 12, 2010). *See also Goode* at 245 (district court abused its discretion by failing to articulate any "inexcusable neglect" or "good cause" for granting an untimely motion for an extension of time to file a notice of appeal).

## CONCLUSION

In light of Plaintiff's *pro se* status, his request for an extension of time to file a Notice of Appeal will be held in abeyance to provide him with the opportunity to: 1) provide proof that he gave the April 12, 2011 Notice of Appeal to prison officials for mailing, and 2) to set forth facts explaining why he did not move for an extension of time to file his Notice of Appeal in timely fashion. Plaintiff must provide such documentation no later than August 25, 2011. Failure to provide such documentation within the time allotted will result in denial of his motion.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis status* is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
July 29, 2011

/s/
DORA L. IRIZARRY
United States District Judge