UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
AROR ARK O'DIAH, *pro se*,

                Plaintiff,

                -against-

HEREFORD INSURANCE COMPANY and JERRY
MAKULIK, Individually and in their Official
Capacities,

                Defendants.
------------------------------------------------------------------- x

**SUMMARY ORDER**
10-CV-944 (DLI)(VVP)

**DORA L. IRIZARRY, United States District Judge:**

*Pro se* Plaintiff Aror Ark O'Diah, an inmate currently in the custody of the New York State Department of Correctional Services, filed the instant motion seeking to (1) vacate this Court's March 16, 2011 Memorandum & Order (Doc. Entry No. 66) dismissing his case with prejudice and (2) establish that he filed a timely Notice of Appeal. For the reasons set forth below, plaintiff's motion to vacate is denied and plaintiff has failed to establish any grounds justifying this Court's grant of leave to file an untimely Notice of Appeal.

**DISCUSSION**

This opinion is written for the benefit of the parties and familiarity with the underlying facts and issues is presumed.[1] The Court construes plaintiff's motion liberally, as is required of *pro se* submissions.[2] Plaintiff moves to vacate the Court's Memorandum and Order dismissing

---

[1] A detailed discussion of the factual background of this case is set forth in this Court's March 16, 2011 Memorandum and Order. (*See* Memo. & Or., Doc. Entry No. 66.)

[2] *Pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation omitted). Courts should "interpret [such papers] to raise the strongest arguments that they suggest." *Forsyth v. Fed'n Emp't & Guidance Serv.*, 409 F. 3d 565, 569 (2d Cir. 2005) (citation and internal quotation marks omitted). Though a court need not act as an advocate for *pro se* litigants, in such cases "there is a greater burden and a correlative greater responsibility upon the district court to insure that constitutional deprivations are redressed and that justice is done." *Davis v. Kelly*, 160 F. 3d 917, 922 (2d Cir. 1998) (citation omitted).

1

his case with prejudice under Rule 60(b).[3] He asserts that he has filed this motion "based upon known and unknown newly discovered evidence[]." (Pl. Mot. to Vac., Doc. Entry No. 73, pp. 1.) Under Rule 60(b), "a court may relieve a party or its legal representative from a final judgment" if, among other things, the party submits "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b). With respect to his submission, plaintiff has not provided any further documentation or factual assertions describing the existence and nature of the newly discovered evidence. His conclusory assertion as to the existence of newly discovered evidence is insufficient to justify the relief sought. Accordingly, plaintiff's motion to vacate is denied.

With respect to the second prong of his motion, plaintiff seeks to establish grounds for leave to file an untimely Notice of Appeal. In a Summary Order dated July 29, 2011, the Court instructed plaintiff to: "1) provide proof that he gave the April 12, 2011 Notice of Appeal to prison officials for mailing, and 2) to set forth facts explaining why he did not move for an extension of time to file his Notice of Appeal in timely fashion." (Summ. Or., Doc. Entry No 72.)

Plaintiff submitted a variety of documents in connection with this portion of his motion. Exhibit A appears to be a receipt for a mailing plaintiff sent to his son, Ese A. O'Diah. (*See* Pl. Aff., Ex. A., Doc Entry No. 73-1.) It is dated April 12, 2011 and also contains the address for the Clerk of Court for the Eastern District of New York. (*Id.*) In his affidavit, plaintiff asserts that the receipt is for the Notice of Appeal, which he mailed to his son with directions for his son to hand deliver to the Court. (Pl. Aff. ¶¶ 6(a-c).) Plaintiff asserts that his son did not receive the mailing until forty days later and that the delay is the result of unspecified error by the U.S. Post

---

[3] It appears that on September 15, 2011, the Clerk of Court inadvertently terminated plaintiff's motion before the Court had the opportunity to address it.

Office. (*Id*. ¶ 6(b).) Plaintiff then discusses numerous problems he has encountered in the past in sending mail to the Eastern District of New York from the prison (Pl. Aff. ¶¶ 6(d-h).); presumably, to justify his decision to mail the Notice of Appeal to his son for hand delivery instead of mailing it directly to the Court. The Court has reviewed the docket and has not found any prior instances of plaintiff's inability to submit timely filings to this Court through the prison's procedures for outgoing legal mail. Plaintiff has failed to establish grounds sufficient to justify this Court's grant of leave to file an untimely Notice of Appeal. Accordingly, plaintiff's motion for leave to file an untimely Notice of Appeal is denied.

## CONCLUSION

Plaintiff's motion to vacate is denied. Plaintiff's motion for leave to file an untimely Notice of Appeal is denied. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      January 23, 2012

/s/
DORA L. IRIZARRY
United States District Judge