```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
AROR ARK O'DIAH, pro se,                                          :
                                                                  :
                                    Plaintiff,                    :
                                                                  :          SUMMARY ORDER
                      -against-                                   :          10-CV-944 (DLI)(VVP)
                                                                  :
HEREFORD INSURANCE COMPANY and JERRY                              :
MAKULIK, Individually and in their Official                       :
Capacities,                                                       :
                                                                  :
                                    Defendants.                   :
----------------------------------------------------------------- x
```

**DORA L. IRIZARRY, United States District Judge:**

*Pro se* Plaintiff Aror Ark O'Diah, an inmate currently in the custody of the New York State Department of Correctional Services, filed the instant motion, *again*, seeking to (1) vacate this Court's March 16, 2011 Memorandum & Order dismissing his case with prejudice (Doc. Entry No. 66), and (2) establish that he filed a timely Notice of Appeal. (*See* Doc. Entry Nos. 79-80.) The Court construes the instant motion as a motion seeking reconsideration of the Court's January 23, 2012 Summary Order (*see* Summ. Order, Doc. Entry No. 77), which denied Petitioner's previous motion to vacate (s*ee* Doc. Entry No. 73). For the reasons set forth below, plaintiff's second motion to vacate, construed as a motion for reconsideration, is denied.

## DISCUSSION

This Order is written for the benefit of the parties and familiarity with the underlying facts and issues is presumed.[1] The Court construes plaintiff's motion liberally, as is required of *pro se* submissions,[2] as seeking a motion for reconsideration.

---

[1] A detailed discussion of the factual background of this case is set forth in this Court's March 16, 2011 Memorandum and Order. (*See* Memo. & Or., Doc. Entry No. 66.)

[2] *Pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation omitted). Courts should "interpret [such papers] to raise the strongest arguments that they suggest." *Forsyth v. Fed'n Emp't & Guidance Serv.*, 409 F. 3d 565, 569 (2d Cir. 2005) (citation

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transport, Inc.*, 70 F. 3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Hinds County, Miss. v. Wachovia Bank N.A.*, 708 F. Supp. 2d 348, 369 (S.D.N.Y. 2010) (citation and internal quotation marks omitted). Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the court in deciding the original motion. *Id.*; *United States v. Gross*, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002). Nor is it proper to raise new arguments and issues. *Gross*, 2002 WL 32096592 at *4.

Plaintiff has made no showing of a change in the controlling law or the need to correct a clear error or to prevent manifest injustice. He has presented no new evidence of legal arguments in support of his motion; rather, he seeks to relitigate issues previously resolved by this Court. Accordingly, plaintiff's motion for reconsideration is denied.

---

and internal quotation marks omitted). Though a court need not act as an advocate for *pro se* litigants, in such cases "there is a greater burden and a correlative greater responsibility upon the district court to insure that constitutional deprivations are redressed and that justice is done." *Davis v. Kelly*, 160 F. 3d 917, 922 (2d Cir. 1998) (citation omitted).

## CONCLUSION

7

SO ORDERED.

Dated: Brooklyn, New York
       May 21, 2012

/s/
DORA L. IRIZARRY
United States District Judge